IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

MISTY BROOKS,

        Plaintiff,        Case No.

v.

                      JURY DEMAND

SHONEY'S OF KNOXVILLE INC,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Misty Brooks, worked for Shoney's of Knoxville, Inc. for over twenty one years when she was terminated because of her disability and her requests for FMLA. At the time of her termination, Plaintiff's manager refused to accept the doctor's notes, told Plaintiff she had missed work the previous Friday (a day Plaintiff was not scheduled to work), told her she was not dependable, and because she had too many ailments she was being dismissed. Accordingly, she files the instant Complaint for violations of the TDA and FMLA.

## PARTIES

1. Plaintiff is a citizen and resident of Knox County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Knox County, Tennessee location.

2. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(g) and (h)(1). She has a visible disability that has required her to take time off from work.

3. Defendant, Shoney's of Knoxville, Inc. is a Tennessee corporation. Its registered agent for service of process is Mary E. Embler, 9720 Parkside Drive, Knoxville TN 37922-2203. At all material times, Defendant has been an employer as defined by the ADA, FMLA and under

1

state law.

4. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2013 and/or 2014 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

5. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

**JURISDICTION AND VENUE**

6. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); and the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Count II).

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

8. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue. Ms. Brooks received her Notice of Right to Sue on August 20, 2015.

**FACTS**

9. Plaintiff worked for Shoney's from September 23, 1992 to December 6, 2013.

Prior to her termination, Ms. Brooks was employed as a server.

10. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1).

11. Plaintiff was qualified for her job with Defendant and performed her job duties in a competent and satisfactory manner.

12. Plaintiff suffered from diabetes and as a result had ongoing serious health conditions effecting her eyes and her circulation.

13. Plaintiff missed work due to multiple surgeries to treat her diabetic retinopathy.

14. Plaintiff was never notified of her rights to protected leave under the FMLA nor was she given FMLA documentation to complete.

15. In Fall 2012 and Spring 2013 Plaintiff sought treatment for her diabetic retinopathy and requested time off of work for her surgeries and recovery time.

16. On December 3, 2012, Plaintiff returned to work with restrictions of a limited schedule. She was told that due to her restrictions she would be treated as a brand new employee on her first day. She was also stripped of her seniority and was bumped to the bottom of the schedule.

17. In April 2013, when she returned from an eye surgery, Plaintiff was given restrictions of working 15-20 hours per week. At that time, Plaintiff's regular schedule became Tuesday, Thursday, Saturday and one Wednesday a month.

18. In late 2013, Plaintiff underwent another eye surgery. Prior to her surgery, Plaintiff contacted manager on duty, John Walker, and informed him of the surgery and requested one to two weeks off of work. At this time, she gave him a doctor's note. Mr. Walker approved her time off.

19. Plaintiff saw one of her doctors on December 5, 2013 and he released her to

3

return to work on December 6, 2013.

20. Plaintiff called manager Steve Collins and reported she had a doctor's appointment the next day with the second doctor and would bring in her excuse after that.

21. Plaintiff saw her other doctor on December 6, 2013 and he also released her to return to work.

22. Plaintiff went immediately to the workplace on December 6, 2013, with the two doctor's excuses and presented them to Steve Collins.

23. Mr. Collins refused to accept the doctor's notes, told Plaintiff she had missed work the previous Friday (a day Plaintiff was not scheduled to work), told her she was not dependable, and that because she had too many ailments she was being dismissed.

24. Plaintiff called Defendant's HR department to tell them she had previously arranged the time off, that she had doctor's notes returning her to work, that she wasn't scheduled to work the previous Friday, to complain about Mr. Collins' treatment, and to ask for her job back. She was told they had a business to run.

## Count I
## Violations of FMLA

25. Plaintiff restates and incorporates herein the foregoing paragraphs.

26. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

27. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

28. Plaintiff was entitled to receive FMLA leave to care for her serious health conditions.

29. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested FMLA, including but not limited to, interfering with her rights to take FMLA

4

by failing to provide her the required notice of FMLA rights; discouraging her from taking time off that she needed; refusing to grant leave for her serious health conditions; threatening her job for attendance issues that were directly related to her serious health condition; retaliating against her for exercising her rights under the FMLA; and finally being terminated from her employment for leave that should have been protected under the FMLA.

30. Plaintiff was entitled to receive FMLA leave.

31. Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

32. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

33. Defendant's conduct harmed and caused damage to Plaintiff.

34. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled under the FMLA.

## Count II
## Violation of ADA- Disability Discrimination/Retaliation

35. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

36. Plaintiff was a qualified individual with a disability.

37. Defendant discriminated and retaliated against Plaintiff on the basis of her disability in violation of the ADA that culminated in her termination.

38. Plaintiff could perform the essential functions of her job with reasonable accommodation. Plaintiff made a request for reasonable accommodation, including, but not limited to, time off to treat her disability.

5

39. Plaintiff was subjected to a hostile work environment and eventually terminated because of her disability and/or in retaliation for her requests for reasonable accommodation.

40. Plaintiff's termination was because of her disability.

41. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

42. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled under the ADA and FMLA.

6

Respectfully submitted,


*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
1612 Westgate Circle, Suite 218
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

*Attorneys for Plaintiff*